IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Great American Insurance Company,

   Plaintiff,

 v.

Evelyn Penn, et al.,

   Defendants.

CIVIL ACTION NO.
1:08-cv-00897-JOF

## OPINION & ORDER

Plaintiff, Great American Insurance Company, filed the instant interpleader action against Defendants, Evelyn Penn, Laura Cahoon, Bradley James Sumner, Bernice Mathai, Coosa Valley Credit Union, Gary Temple, and Gerald Jiles on March 10, 2008. In its interpleader complaint, Plaintiff avers that it issued a Used Car Dealers Bond on behalf of Steve Dodge Automotive Group with a $20,000 limit. As part of the relief it seeks under the complaint, Plaintiff asks the court to enter an injunction barring all claimants and potential claimants from instituting or prosecuting any further judicial action under the bond. Great American avers that it has received claims against the Bond from Evelyn Penn, Bernice Mathai, Coosa Valley Federal Credit Union, Gary Temple, Laura Cahoon, and Gerald Jiles. In its Preliminary Planning Report, Plaintiff averred that Temple sought

$21,150; Mathai ($6,700); Penn ($9,815); and Sumner ($8,116). Plaintiff believed that Temple and Mathai would be entitled to a pro rata share of the bond.

Plaintiff served Defendants Cahoon, Coosa Valley Credit Union, Mathai, Temple, Penn, and Sumner. In an order dated August 31, 2009, the court directed Defendants to file dispositive motions with respect to the distribution of the $20,000 within thirty (30) days. The court also directed Plaintiff to serve the order on all Defendants via United States Mail. Despite the fact that one of the defendants, Gary Temple, is represented by counsel and two other defendants have answered and are appearing *pro se*, no party has responded to that order.

In an order dated November 24, 2009, the court reviewed the procedural history of the case and noted that if Defendants did not seek any relief under the bond, the court was inclined to grant the relief sought by Great American and bar any claims under the bond with respect to Steve Dodge Automotive Group. However, it would give Defendants one final chance to make a claim under the bond. The court directed Great American to serve its November 24, 2009, order on all known Defendants via United States Mail and directed Great American to file a notice on the electronic docket indicating its compliance with that order.

On December 14, 2009, Defendant Bernice Mathai responded to the court's November 24, 2009, order and stated she had received no prior notices from the court, but

AO 72A
(Rev.8/82)

that she sought a pro-rata share of the $20,000 bond depending on how many defendants responded. *See* Docket Entry [23]. No other Defendant has responded to the court's order.

The court, therefore, makes the following findings: Defendants, Evelyn Penn, Laura Cahoon, Bradley James Sumner, Coosa Valley Credit Union, Gary Temple, and Gerald Jiles are enjoined from instituting or prosecuting any claims in any federal or state court on account of claims under the bond.

In light of Defendant Mathai's *pro se* status and the fact that the court has no factual information as to what claims Defendant Mathai may have under the bond, the court DIRECTS Plaintiff to state its belief as to the factual circumstances and the amount of money Defendant Mathai is entitled to under the bond in question. Plaintiff is DIRECTED to submit this notice to the court within thirty (30) days from the date of this order and is FURTHER DIRECTED to serve this notice on Defendant Mathai. The court grants Defendant Mathai twenty (20) days after receipt of the notice to respond to the notice, if she deems it necessary.

The Clerk of the Court is DIRECTED to resubmit this matter to the court at that time.

Finally, the court notes that although it directed Plaintiff to submit a notice on the court's electronic docket that it served the November 24, 2009 order on Defendants, Plaintiff did not file such a notice. The court again DIRECTS Plaintiff to submit that notice. The

AO 72A
(Rev.8/82)

court also expects Plaintiff to file a notice on the court's docket that it served Defendant Mathai with its statement of amount Defendant Mathai is entitled to under the bond.

**IT IS SO ORDERED** this 10th day of February 2010.

                                          /s   J. Owen Forrester
                                          J. OWEN FORRESTER
                                          SENIOR UNITED STATES DISTRICT JUDGE

4